IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANNY EARL FOERSTER,                    )
                                        )       Civil No. 05-530-JO
            Petitioner,                 )
                                        )
        v.                              )
                                        )
OREGON STATE BOARD OF PAROLE            )
and POST-PRISON SUPERVISION,            )       OPINION AND ORDER
                                        )
            Respondent.                 )

        Anthony D. Bornstein
        Federal Public Defender's Office
        101 S.W. Main Street, Suite 1700
        Portland, Oregon 97204

                Attorney for Petitioner

        Hardy Myers
        Attorney General
        Jacqueline Sadker
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97301

                Attorneys for Respondent


        1 - OPINION AND ORDER

JONES, District Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner alleges that the Oregon Board of Parole and Post-Prison Supervision ("Board") violated his due process rights when it failed to apply applicable administrative rules governing the calculation of his sentence. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#46) is DENIED.

<u>**BACKGROUND**</u>

Petitioner was convicted of Manslaughter in the First Degree in 1978 and given a 10 year sentence. Respondent's Exhibit 101. He was released on parole on March 22, 1983. Petitioner's Memorandum in Support of Amended Petition (#47), p. 2. On June 22, 1983, he was rearrested for committing new crimes. Respondent's Exhibit 103, Att-1. On May 22, 1984, the Board revoked petitioner's parole. Respondent's Exhibit 101. On October 10, 1984, petitioner was convicted of Robbery in the First Degree and Supplying Contraband. The trial court sentenced him as a Dangerous Offender and imposed a consecutive 30-year sentence (with a 15-year minimum) on the Robbery charge and a consecutive three-year sentence on the Supplying Contraband charge. <u>Id</u>. Those sentences were ordered to run consecutively to petitioner's Manslaughter conviction. <u>Id</u>. In January 1985, the Board sustained the minimum sentence imposed by the trial court and established a parole

2 - OPINION AND ORDER

consideration date of October 29, 1998. Petitioner's Memorandum in Support of Amended Petition (#47), p. 2.

On July 9, 1998, the Board issued Board Action Form No. 2 ("BAF#2"), which corrected the adjusted inception date of petitioner's sentence to June 22, 1983 and established a new parole consideration date of June 21, 1998. Respondent's Exhibit 127, p. 170. A parole consideration hearing was held on February 23, 1999 and the Board deferred petitioner's parole consideration date until June 21, 2000. Id. at 167. Petitioner sought administrative review. Petitioner's Memorandum in Support of Amended Petition (#47), p. 3.

On April 5, 2000, the Board issued Review Response No. 1 agreeing with petitioner's contention that the Board "failed to conduct any type of hearing to determine what sanction to give [him] after [his] parole was revoked" and promised to schedule an administrative review hearing to conduct a future disposition hearing to establish a sanction for petitioner's new criminal activity. Respondent's Exhibit 127, p. 143.

On June 8, 2000, the Board held an administrative review hearing, and on June 13, 2000, issued Review Response No. 2 addressing petitioner's allegations that the Board violated its rules by not conducting a future disposition hearing after it revoked petitioner's parole on his Manslaughter conviction and by not restoring all of his forfeited good time after revocation. Id.

3 - OPINION AND ORDER

at 135-136.  In its response, the Board found that it had followed

its rules and that the adjustment did not have any effect on

petitioner's sentence for Manslaughter.  <u>Id</u>.  Specifically, the

Board stated that:

> The board did not impose a sanction for violating your
> parole on your Manslaughter conviction.  As a result, the
> sentence on your Manslaughter conviction went to its
> expiration date before the sentence on your Robbery
> conviction began.
>
> * * *
>
> The rules in effect at the time that you committed your
> crime indicate that when a sentence has been imposed
> consecutive to one already being served by a parolee, the
> range for the first sentence shall be the time served
> prior to revocation.  The board followed this by not
> imposing a sanction or denying re-release on parole on
> your Manslaughter charge because that would have resulted
> in imposing another range for that sentence which the
> rules prevented the board from doing.  This is evident by
> the adjusted inception date on your Robbery conviction
> being June 22, 1983, which is the arrest date on that
> charge despite the fact that you had spent 335 days in
> custody before the board revoked your parole.

<u>Id</u>.

With regard to restoration of forfeited good time credit, the

Board concluded that it had not violated any rules in making its

decision because the applicable Department of Corrections rule in

effect at the time of petitioner's crimes "indicated that it was

the prerogative of the board to approve or disapprove all

recommendations that the forfeited good time be restored.  [And]

[t]he board [had] not received a recommendation from the

superintendent of the facility where [petitioner was] currently

4 - OPINION AND ORDER

housed, stating that all of [his] forfeited good time be restored. Id. at 136.

Petitioner appealed Review Response No. 2 as well as the underlying Board Action Form deferring petitioner's parole consideration date until June 21, 2002. The Oregon Court of Appeals granted the Board's unopposed Motion to Dismiss on December 1, 2000, and upon reconsideration affirmed that dismissal in an Order dated August 16, 2001. Petitioner did not seek review by the Oregon Supreme Court.

In September 2001, petitioner filed a petition for alternative writ of mandamus in Marion County alleging several grounds under which the Boards actions violated its own administrative rules and various provisions of the state and federal constitutions, but the trial court dismissed it on the state's motion. Amended Petition (#46), p. 2; Respondent's Exhibits 110 & 115. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. State ex rel. Foerster v. Board of Parole and Post-Prison Supervision, 194 Or. App. 726, 99 P.3d 1237 (2004), rev. denied, 337 Or. 657, 103 P.3d 640 (2004).

On April 15, 2005, petitioner filed this action. In his Amended Petition for Writ of Habeas Corpus, Petitioner alleges that:

[He] was denied his right to due process of law in violation of the Fourteenth Amendment in the following particular:

5 - OPINION AND ORDER

The State of Oregon violated its legal obligation to apply the applicable administrative rules governing the calculation of Petitioner's imprisonment. Specifically, the pertinent rules required that the Board of Parole recalculate his time of imprisonment for the crime of robbery from the adjusted inception date of June 23, 1983.

Respondent argues that petitioner is not entitled to relief because his claim is procedurally defaulted and without merit. Respondent's Response to Amended Habeas Petition (#49), p. 1. Because, as discussed below, I conclude that petitioner's claim is without merit, I need not determine whether it is procedurally defaulted. See 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

## DISCUSSION

## I.    Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

6 - OPINION AND ORDER

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." <u>Id</u> at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. <u>Id</u> at 410. The state court's application of clearly established law must be objectively unreasonable. <u>Id</u> at 409.

## II. **Application**

Petitioner contends that the state deprived him of due process when it misapplied Oregon law by failing to recalculate his term of imprisonment. Memorandum in Support of Amended Petition (#47), p. 11. Specifically, petitioner faults the Board with failing to apply pertinent rules governing sentence calculation including OAR 255-35-022(7) and (7)(b). <u>Id</u>. at 1.[1]

---

[1]    According to petitioner, OAR 255-35-022(7)(1982) requires that when a sentence has been imposed consecutive to one already being served by a parolee, the range for the first sentence shall

7 - OPINION AND ORDER

State laws, including state sentencing laws, may give rise to a liberty interest protected by the Fourteenth Amendment.  <u>Ballard v. Estelle</u>, 937 F.2d 453, 456 (9th Cir. 1991); <u>Wasko v. Vasquez</u>, 820 F.2d 1090, 1091 n. 2 (9th Cir. 1987).   In reviewing such claims, federal courts must defer to state courts' interpretations of state law, unless these interpretations are "untenable or amount to a subterfuge to avoid federal review of a constitutional violation."  <u>Aponte v. Gomez</u>, 993 F.2d 705, 707 (9th Cir. 1993); <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

In support of his claim, petitioner relies on legal arguments set forth in his state court appellate brief appealing the dismissal of his petition for writ of mandamus in Marion County Circuit Court.   Petitioner's Memorandum in Support of Amended Petition (#47), p. 12; Respondent's Exhibit 121.   In that brief, petitioner faulted the Board with failing to:  (1) hold a parole revocation hearing within the 90-day time period prescribed by the governing administrative rules; and (2) conduct a future disposition hearing to establish a sanction for violating his parole.  According to petitioner, this resulted in a miscalculation

---

be the time served prior to revocation.  Memorandum in Support of Amended Petition (#47), p. 5.  As set forth above, the Board cited this rule verbatim and purports to have complied with it in Review Response No. 2.

of his commitment sentence "by a term of as much as three (3) years." Id. at 5 (quoting Respondent's Exhibit 121, p. 3).

As noted above, petitioner's sentences for Robbery and Supplying Contraband were to run consecutively to his sentence for Manslaughter. Respondent's Exhibit 101 (Amended Order dated November 7, 1984). Even assuming that the Board failed to revoke petitioner's parole within the prescribed time frame and failed to hold a future disposition establishing a parole violation sanction, petitioner fails to demonstrate how the Board's strict compliance with applicable governing administrative rules would have resulted in a lesser sentence. Petitioner apparently contends that his Robbery sentence should have begun to run on June 23, 1983 (the date of his arrest on new crimes) and that the Board's failure to follow its rules resulted in a miscalculation of his good-time credits. In the above referenced appellant's brief, petitioner stated that:

> Had the Board revoked Petitioner's parole within the specified limitations described by **OAR 255-75-042** and **ORS 144.343(1)**, the thirty (30) year commitment term would have started **NO LATER** than ninety days after Petitioner's arrest on June 22, 1983, or September 21, 1983. Alternatively, such date may be drawn from the July 7, 1983 date of the Parole Suspension and Detention Order issued by the Board, or, October 6, 1983.

Petitioner's Memorandum in Support of Amended Petition (#47), p. 7; Respondent's Exhibit 121 (emphasis in the original). However, given the fact that petitioner's new sentences were to run

9 - OPINION AND ORDER

consecutively to his 10-year Manslaughter sentence (on which he had served approximately five years), I cannot conclude that the state court's rejection of petitioner's argument stems from an untenable interpretation of applicable administrative rules or amounts to a "subterfuge to avoid federal review of a constitutional violation." <u>Aponte</u>, 993 F.2d at 707; <u>Oxborrow</u>, 877 F.2d at 1399.

Accordingly, I defer to the state court's decision involving the interpretation of state administrative rules and conclude its denial of his due process claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

### <u>CONCLUSION</u>

For these reasons, the Amended Petition for Writ of Habeas Corpus (#46) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 2nd day of January, 2008.

/s/ Robert E. Jones
          Robert E. Jones
          United States District Judge

10 - OPINION AND ORDER